## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KELVIN LARONE WILLIAMS,

    **Plaintiff,**

      v.

UNITED STATES OF AMERICA and
ALABAMA BUREAU OF
INVESTIGATION,

    **Defendants.**

Civil Action No.  13-325 (JDB)

## <u>MEMORANDUM OPINION & ORDER</u>

Plaintiff Kelvin Larone Williams, proceeding <u>pro se</u>, has filed a complaint against the United States and the Alabama Bureau of Investigation, seeking the return of property allegedly taken from him in April 2000.  For the following reasons, the complaint will be dismissed.

Williams alleges that on April 12, 2000, "Defendants" (presumably, federal agents and/or agents of the Alabama Bureau of Investigation) executed a search warrant at Williams's Alabama residence and seized $100,000 during the search.  Williams was arrested, tried, and acquitted of all charges by a jury.  <u>See</u> <u>United States v. Williams</u>, No. 00-cr-54 (S.D. Ala.).  Williams claims that, after his acquittal in June 2000, only $22,500 of the $100,000 initially seized was returned to him.

In his Alabama federal criminal case, Williams filed three motions related to the allegedly seized funds: an apparent FOIA request, a "Motion to Recall the Mandate of the $100,000.00 Seized," and a "Motion to Reaffirm" (asking the court to reaffirm its "position," stated at the end

of trial, that Williams's property would be returned to him).  See Williams, No. 00-cr-54, Dkt.

Nos. 25, 27, 29.  The district court denied the FOIA request because FOIA does not apply to

courts and because the court did not have the information requested; denied the motion to recall

the mandate, which the court construed as an equitable action for return of property, on the

ground that it was barred by the six-year statute of limitations set by 28 U.S.C. § 2401(a); and

denied the motion to reaffirm because it was "essentially a reassertion [of] the prior motion [to

recall the mandate]" but did not set forth grounds to support relief from judgment under Federal

Rule of Civil Procedure 60(b).  See id., Dkt. Nos. 26, 28, 30.

Williams now seeks the return of $77,500 in this Court, alleging that defendants have

"committed fraud" against him and that they have deprived him of his Fifth and Sixth

Amendment rights.

Absent a waiver, sovereign immunity shields the United States from suit, and sovereign

immunity is jurisdictional in nature.  Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994).

The Federal Tort Claims Act ("FTCA") waives the United States's sovereign immunity for

certain torts but does not waive sovereign immunity for constitutional torts.  Id. at 475, 478.

Hence, to the extent that Williams is asserting constitutional tort claims against the United States,

those claims must be dismissed for lack of jurisdiction.  See Fed. R. Civ. P. 12(h)(3) (requiring

district court to dismiss action if it determines "at any time" that it lacks subject matter

jurisdiction).  In addition, under the FTCA, a plaintiff must exhaust his or her administrative

remedies before bringing suit in federal court.  See 28 U.S.C. § 2675(a); McNeil v. United States,

508 U.S. 106, 113 (1993).  Because Williams has not shown exhaustion of administrative

remedies, any non-constitutional tort claims he seeks to bring under the FTCA must also be

dismissed.

The Eleventh Amendment to the U.S. Constitution immunizes a state and its agencies from suit in federal court, unless immunity is waived.  See U.S. Const. amend. XI;[1] Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 669-70, 675-76 (1999); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  In suing the Alabama Bureau of Investigation, an agency of the State of Alabama, Williams seeks a monetary award of $77,500.  However, he has not alleged, and the complaint does not reveal, any basis upon which the Court may find a waiver of Alabama's immunity.  Therefore, Williams's claims against the Alabama Bureau of Investigation are barred by the Eleventh Amendment and will be dismissed. See Edelman, 415 U.S. at 663 ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").

This action might also be construed as one under Federal Rule of Criminal Procedure 41(g), which provides that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  However, "[t]he motion must be filed in the district where the property was seized."  See Fed. R. Crim. P. 41(g).  The property at issue here was allegedly seized in Alabama, so this is the wrong district in which to seek relief under Rule 41(g).  Moreover, as indicated by the Alabama district court, a Rule 41(g) motion to recover property seized in relation to a criminal proceeding that ended in 2000 is time-barred

---

[1] The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The Supreme Court has long held that the amendment applies equally to suits brought by citizens against their own states.  See Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Hans v. Louisiana, 134 U.S. 1, 13-15 (1890).

under 28 U.S.C. § 2401(a).[2]  See Williams, No. 00-cr-54, 7/2/12 Order [Dkt. No. 28]; see also, e.g., Bertin v. United States, 478 F.3d 489, 493 (2d Cir. 2007) (collecting cases); United States v. Sims, 376 F.3d 705, 709 (7th Cir. 2004) (stating that six-year limitations period runs from conclusion of criminal proceedings).  Because § 2401(a) is jurisdictional in this circuit, Williams's complaint, if construed as a Rule 41(g) motion, must be dismissed for that reason as well.  See Fed. R. Civ. P. 12(h)(3); Muwekma Ohlone Tribe v. Salazar, 708 F.3d 209, 218 (D.C. Cir. 2013); P & V Enters. v. U.S. Army Corps of Eng'rs, 516 F.3d 1021, 1026 (D.C. Cir. 2008).

Accordingly, it is hereby **ORDERED** that this action is **DISMISSED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: June 6, 2013

---

[2] Also, the Alabama court's decision that Williams's motion to recover the subject funds was time-barred precludes him from relitigating the statute of limitations issue here.  See New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001); Allen v. McCurry, 449 U.S. 90, 94 (1980).